# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Antwon Williams,<br><br>   Plaintiff,<br>v.<br><br>Sunrise Credit Services, Inc. and Sammy Doe,<br><br>   Defendants. | Civil No. _____<br><br>**COMPLAINT**<br><br><br><br>**JURY TRIAL DEMANDED** |

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

2. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") by these Defendants and their agents in their illegal efforts to collect a consumer debt from this Plaintiff.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

## PARTIES

4. Antwon Williams is a natural person who resides in the City of Maplewood, County of Ramsey, State of Minnesota, and is a "consumer" as that term is

defined by 15 U.S.C. § 1692a(3) or a person with standing in this action under 15 U.S.C. §1692k(a).

5. Defendant Sunrise Credit Services, Inc. (hereinafter "Defendant SCSI") is a collection agency operating from an address of 260 Airport Plaza, Farmingdale, NY 11735 and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

6. Defendant Sammy Doe (hereinafter "Defendant Doe") is a natural person who was employed at all times relevant herein by Defendant SCSI as a collection agent and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

7. On or around 2005, Plaintiff's wife incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, cellular telephone service debt with T-Mobile, in the approximate amount of $656.48, which was used by Plaintiff's wife for personal, family and household purchases.

8. Sometime thereafter, the debt was consigned, placed or otherwise transferred to Defendants for collection from Plaintiff's wife.

9. At no time was Plaintiff Antwon Williams an obligor to his wife's debt.

### *March 28, 2010 Collection Call*

10. On or about March 28, 2010, Plaintiff called Defendant SCSI and was connected with Defendant Doe which became an effort to collect this debt, which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

11. Plaintiff made the call in an effort to settle the debt on behalf of his wife.

12. Plaintiff's offer was rejected by Defendant Doe who then told Plaintiff that it was not going to happen or words to that effect.

13. Defendant Doe then continued by stating that Plaintiff was married now intimating that Plaintiff should take responsibility.

14. Finally, Defendant Doe threatened Plaintiff by stating that wife's delinquent debt would affect his credit.

15. Plaintiff explained that he is not a signor to the T-Mobile contract and has no contractual obligation for his wife's debt.

16. Defendant Doe than reiterated that non-payment would affect Plaintiff's credit.

17. Plaintiff, who is newly married and a father, began to worry that this debt would interfere with his plans to find financing for a home.

18. This call from Plaintiff to Defendant Doe became a collection communication in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(8), 1692e(10), and 1692f, amongst others.

*Summary*

19. All of the above-described collection communications made to Plaintiff by Defendant Doe a collection agent employed by Defendant SCSI, was made in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(8), 1692e(10), and 1692f, amongst others.

***Respondeat Superior Liability***

20. The acts and omissions of Defendant Doe who communicated with Plaintiff as further described herein, were committed within the time and space limits of their agency relationship with her principal, Defendant SCSI.

21. The acts and omissions by Defendant Doe were incidental to, or of the same general nature as, the responsibilities agents were authorized to perform by Defendant SCSI in collecting consumer debts.

22. By committing these acts and omissions against Plaintiff, Defendant Doe was motivated to benefit her principal, Defendant SCSI.

23. Defendant SCSI is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of federal law by its collection employees, including but not limited to violations of the FDCPA in their attempts to collect this debt from this Plaintiff.

## TRIAL BY JURY

24. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.  US Const. amend. 7.  Fed.R.Civ.P. 38.

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

25. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

26. The foregoing acts and omissions of each and every Defendant and their agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to this Plaintiff.

27. As a result of each and every Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from each and every Defendant herein.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against each and every Defendant:

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant and for Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each and every Defendant and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant and for Plaintiff;

Dated: April 27, 2011                                Respectfully submitted,

**WHEATON LAW GROUP, PLLC**

By:  **s/Christopher S. Wheaton**
Christopher S. Wheaton, Esq.
Attorney I.D.#0389272
2021 East Hennepin Avenue, Suite 195
Minneapolis, Minnesota 55413-2700
Telephone:  (612) 379-3191
Facsimile: (612) 605-2102
cswheaton@wheatonlawgroup.com

csw                                **Attorney for Plaintiff**

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF MINNESOTA        )
                          ) ss
COUNTY OF Washington      )

Plaintiff ANTWON WILLIAMS, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

_____
ANTWON WILLIAMS

Subscribed and sworn to before me this 27 day of April 2011.

_____
Notary Public

MARY L WARNER
NOTARY PUBLIC - MINNESOTA
MY COMMISSION EXPIRES 1/31/2015